JS 44 (Rev. 06/17)

**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

ROBERT STENGEL, individually, and on behalf of others similarly situated,

**(b)** County of Residence of First Listed Plaintiff    Lehigh County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310 (877) 561-0000

**DEFENDANTS**

HOPS AT THE PADDOCK, INC. and SCOTT HOPPY

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question
  *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity
  *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 201 and 29 C.F.R. § 516
Brief description of cause:
Violations of the Fair Labor Standards Act, 29 U.S.C. § 201 ("FLSA")

**VII. REQUESTED IN COMPLAINT:**

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   05/23/19

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____



**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

19   2272

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff:  2509 S Lumber Street, Allentown, PA 18103

Address of Defendant: 4158 Kistler Road, Schnecksville, PA 18078

Place of Accident, Incident or Transaction:  1945 W. Columbia Street, Allentown, PA 18104

---

**RELATED CASE, IF ANY:**

Case Number: _____ n/a _____   Judge: _____ n/a _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____ 05/23/19 _____   Jason T. Brown _____   PA Bar #79369
          *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☑ 11. All other Federal Question Cases
  *(Please specify):* Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 and 29 C.F.R. § 516

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Jason T. Brown _____, counsel of record *or* pro se plaintiff, do hereby certify:

- ☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:
- ☐ Relief other than monetary damages is sought.

MAY 24 2019

DATE: _____ 05/23/19 _____   Jason T. Brown _____   PA Bar #79369
          *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

<u>**CASE MANAGEMENT TRACK DESIGNATION FORM**</u>

| | |
|---|---|
| **ROBERT STENGEL**, individually, and on behalf of others similarly situated,<br>v.<br>**HOPS AT THE PADDOCK, INC. and SCOTT HOPPY** | CIVIL ACTION<br><br>19     2272<br><br>NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

| 05/23/19 | Jason T. Brown | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (877) 561-0000 | (855) 582-5297 | jtb@jtblawgroup.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

MAY 24 2019




# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

**ROBERT STENGEL**, individually and on behalf of others similarly situated,

Plaintiff,

vs.

**HOPS AT THE PADDOCK, INC.** and **SCOTT HOPPY**,

Defendants.

Civil Case No.:

## COLLECTIVE AND CLASS ACTION COMPLAINT
## WITH JURY DEMAND

Plaintiff Robert Stengel, individually and on behalf of all others similarly situated, by and through his attorneys, Brown, LLC, hereby files this Collective and Class Action Complaint against Defendants Hops at The Paddock Inc. and Scott Hoppy, and alleges of his own knowledge and conduct and upon information and belief as to all other matters, as follows:

### INTRODUCTION

1.     Plaintiff brings this action for himself and all other similarly situated collective members to recover unpaid overtime compensation, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendants' willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and attendant regulations at 29 C.F.R. § 516 *et seq.*

2.     Plaintiff also brings this action for himself and on behalf of all other similarly situated Rule 23 class members to recover unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs as a result of Defendants' willful violation of the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101 *et seq.* ("PMWA") and attendant regulations, 34 Pa. Code § 231.1 *et seq.* as well as the Pennsylvania Wage Payment and

Collection Law, 43 P.S. § 260.1 *et seq.* ("WPCL").

3.       Defendants operate and own Hops at the Paddock and Hops Fogelsville Hotel in the Commonwealth of Pennsylvania.

4.       Plaintiff and the putative FLSA collective and Rule 23 class members were hourly-paid restaurant workers who were victims of Defendants' common unlawful policies in violation of the FLSA, PMWA and WPCL.

5.       In several weeks Defendants required the hourly-paid restaurant workers to perform work for over forty (40) hours a week.

6.       Defendants failed to pay overtime wages at a rate of not less than one and one-half (1.5) times the regular rate of pay for all hours they worked in excess of forty (40) in a workweek.

7.       Specifically, Defendants paid the restaurant workers for hours over forty (40) off the books at a straight rate of pay.

8.       Plaintiff asserts the FLSA claims on behalf of a putative FLSA collective, defined as:

> *All hourly-paid restaurant workers employed by Defendants at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

9.       Plaintiff seeks to send a Notice pursuant to 29 U.S.C. § 216(b) to the hourly-paid restaurant workers of Defendants permitting them to assert FLSA claims in this collective action by filing their individual consent forms.

10.       Plaintiff asserts the PMWA and WPCL claims on behalf of a putative class pursuant to Fed. R. Civ. P. 23, defined as:

> *All hourly-paid restaurant worker employed by Defendants in the Commonwealth of Pennsylvania at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

11.       Defendants have willfully and intentionally committed widespread violations of the

above-described statutes and corresponding regulations, in the manner described herein.

## JURISDICTION AND VENUE

12.     This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

13.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because those claims derive from a common nucleus of operative facts as Plaintiff's federal claims.

14.     The Court has personal jurisdiction over Defendants because they engaged in systematic and continuous contacts with the Commonwealth of Pennsylvania by, *inter alia,* employing individuals to work out of Pennsylvania, including Plaintiff, and Plaintiff's claims arise out of those contacts.

15.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants employed Plaintiff in this district and because a substantial portion of the events that give rise to the Plaintiff's claims occurred in this district.

## PARTIES

16.     Defendant Hops at The Paddock, Inc. ("Hops at The Paddock") is an entity created and existing under and by virtue of the laws of the Commonwealth of Pennsylvania.

17.     According to the Pennsylvania Department of State website,[1] Hops at The Paddock maintains an address in the Commonwealth of Pennsylvania at 4158 Kistler Road, Schnecksville, PA 18078.

18.     According to the Pennsylvania Department of State website, Byron V. Hoppy is the President of Hops at The Paddock.

---

[1]  https://www.corporations.pa.gov/search/corpsearch.

19.     According to the Pennsylvania Department of State website, Scott M. Hoppy is the Vice President of Hops at The Paddock.

20.     According to the Pennsylvania Department of State website, Carol A. Hoppy is the Secretary and Treasurer of Hops at The Paddock.

21.     The Defendants acquired The Fogelsville Hotel in approximately 2006.

22.     The Defendants acquired The Paddock in approximately 2011.

23.     According to its website[2], Hops at The Paddock has restaurants at the following two (2) locations:

- 7921 Main St., Fogelsville, PA 18051; and
- 1945 W. Columbia St., Allentown, PA 18104.

24.     Mr. Hoppy is personally involved in the daily operation of Hops at The Paddock.

25.     Mr. Hoppy is present at Hops at The Paddock restaurants on a regular basis.

26.     Mr. Hoppy is personally involved in the daily management of the Hops at The Paddock's employees.

27.     Mr. Hoppy determines the compensation policies and work schedules, duties and conditions of the Hops at The Paddock's employees.

28.     Mr. Hoppy was involved in the hiring and firing of Plaintiff.

29.     Mr. Hoppy was involved in determining the compensation of Plaintiff.

30.     Mr. Hoppy was involved in setting the work schedules, duties and conditions of Plaintiff's employment.

31.     Plaintiff Robert Stengel ("Stengel") is a resident of the County of Lehigh and Commonwealth of Pennsylvania.

---

[2] https://www.hopslehighvalley.com/ (last accessed May 17, 2019).

4

32.    Mr. Stengel was an hourly-paid employee from approximately November 2017 to April 2019.

33.    He was an hourly-paid pizza maker and cook from approximately November 2017 to April 2019.

34.    While employed by Defendants, he primarily worked at the 1945 W. Columbia Street, Allentown, PA location.

35.    In addition to his pizza maker and cook duties, Mr. Stengel was occasionally asked to perform work as a bouncer.

36.    Mr. Stengel's written consent to become an FLSA party plaintiff is attached hereto as **Exhibit A**.

## **FACTUAL ALLEGATIONS**

37.    Defendants have operated and controlled an enterprise engaged in commerce as defined under the FLSA.

38.    Defendants have generated over $500,000 in revenue per year.

39.    Defendants have engaged in ordinary commercial activities within the meaning of the FLSA that result in sales made or business done.

40.    Defendants were/are the "employers" of the hourly-paid restaurant workers including Plaintiff within the meaning of 29 U.S.C. § 203(d) of the FLSA, 43 P.S. § 333.103(g) of the PMWA and 43 P.S. § 260.2a. of the WPCL.

41.    The hourly-paid restaurant workers including Plaintiff were/are "employees" of Defendants within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA and 43 P.S. § 333.103(h) of the PMWA.

42.    Defendants "suffered or permitted" the hourly-paid restaurant workers including

Plaintiff to work and thus "employed" them within the meaning of 29 U.S.C. §203(g) of the FLSA and 43 P.S. § 333.103(f) of the PMWA.

43.     Defendants, directly or indirectly, hired the hourly-paid restaurant workers including Plaintiff and determined the rate and method of the payment of their wages.

44.     Defendants controlled the work schedules, duties, protocols, applications, assignments and conditions of employment of the hourly-paid restaurant workers including Plaintiff.

45.     The hourly-paid restaurant workers including Plaintiff performed primary job duties that do not fall within any exemptions from overtime under the FLSA and PMWA.

46.     In several weeks, Defendants required the hourly-paid restaurant workers to perform work for over forty (40) hours a week.

47.     During his employment with Defendants, Plaintiff regularly worked over forty (40) hours per week.

48.     Plaintiff regularly worked five (5) days a week.

49.     Defendants paid the employees on a bi-weekly basis.

50.     Defendants administered a common policy and system where employees were paid on the books for up to 40 hours per week and off the books at straight time for hours over 40 per week.

51.     Defendants used this illegal pay structure to short workers their overtime pay premium.

52.     For example, below is a copy of Plaintiff's paystub for the pay period of 4/1/19 to 4/19/19.

**HOPS AT THE PADDOCK**
ALLENTOWN PA 18104

| DEPT NO | EMPL NO | EMPLOYEE NAME | TAXPAYER ID | FED WH STATUS | PAY PERIOD | | CHECK DATE | CHECK N° |
|---------|---------|---------------|-------------|---------------|-----------|--|-----------|----------|
| | E80 | ROBERT N STENGEL | XXX-XX-███ S | 2 | 4/01/19-4/14/19 | | 4/19/19 | 56258 |

| EARNINGS | HOURS/UNITS | RATE | THIS PAY | DEDS | THIS PAY | Y T D | DESCR | THIS PAY | Y T D |
|----------|-------------|------|----------|------|----------|-------|-------|----------|-------|
| REG | 80.00 | 14.000 | 1120.00 | SOCSEC | 69.44 | 549.44 | GROSS | 1120.00 | 8862.00 |
| | | | | MDCARE | 16.24 | 128.50 | | | |
| | | | | FED WH | 70.03 | 553.29 | | | |
| | | | | PA TAX | 34.38 | 272.04 | | | |
| | | | | CTY TX | 20.12 | 175.02 | | | |
| | | | | SUI | .67 | 5.30 | | | |
| | | | | LST | 2.50 | 18.00 | | | |

| | TOTAL PAY | 1120.00 | TOTAL DEDUCTIONS | | 215.48 | NET PAY | | 904.52 |
|--|-----------|---------|------------------|--|--------|---------|--|--------|

PAY STATEMENT

53.     During the 4/1/19 to 4/19/19 bi-weekly pay period, Plaintiff worked more than 40 hours in a week and more than 80 hours in two weeks.

54.     During the 4/1/19 to 4/19/19 bi-weekly pay period, Defendants paid Plaintiff on the books for 80 hours at the regular hourly rate ($14).

55.      Separately they paid Plaintiff cash off the books for hours over 80 at the regular hourly rate ($14), without paying any half-time overtime premium.

56.     The paystubs fail to include hours worked over 80.

57.     Defendants failed to properly pay the hourly-paid restaurant workers overtime wages at a rate of not less than one and one-half (1.5) times their regular rate of pay for all hours they worked in excess of forty (40) in a workweek.

58.     That is the Defendants paid overtime hours at a straight time rate.

59.     The hourly-paid restaurant workers were subject to the unlawful common policies and practices of Defendants as stated herein that violated the FLSA and PMWA and WPCL.

60.     Defendants' wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor

7

and/or any state department of labor, or any administrative practice or enforcement practice or enforcement policy of such departments.

61.     Defendants' violations of the above-described federal and state wage and hour statutes and regulations were willful, arbitrary, unreasonable and in bad faith.

## COLLECTIVE ACTION ALLEGATIONS

62.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

63.     Plaintiff brings this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, for and on behalf of all hourly-paid restaurant workers who were or have been affected by Defendants' unlawful common policies and practices which include failure to pay overtime compensation, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq.*

64.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of:

> *All hourly-paid restaurant workers employed by Defendants at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

65.     Plaintiff brings this collective action against Defendants to recover unpaid overtime compensation, liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

66.     The collective action further alleges a willful violation of the FLSA and seeks an additional, third year of limitations.

67.     Plaintiff seeks to send Notice to the hourly-paid restaurant workers of Defendants permitting them to assert FLSA claims in this collective action by filing their individual consent forms, as provided by 29 U.S.C. § 216(b) and supporting case law.

8

68.     Certification of the collective action under the FLSA is appropriate because the employees described herein are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because the hourly-paid restaurant workers were subject to the same or similar unlawful policies and practices as stated herein and their claims are based upon the same factual and legal theories.

69.     Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents claims under the FLSA, a type that have often been prosecuted on a class wide basis, and the manner of identifying the collective and providing any monetary 'relief to it can be effectuated from a review of Defendants' records.

70.     Plaintiff and the putative FLSA collective members demand a trial by jury.

## RULE 23 CLASS ACTION ALLEGATIONS

71.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

72.     Plaintiff also seeks to maintain this action pursuant to Fed. R. of Civ. P. 23, as an opt-out class action, for an on behalf all hourly-paid restaurant workers who were or have been affected by Defendants' unlawful common policies and practices which include failure to pay overtime compensation, in violation of the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101 et seq. ("PMWA") and attendant regulations, 34 Pa. Code § 231.1 et seq. as well as the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 et seq. ("WPCL").

73.     Plaintiff brings this Rule 23 class action on his own behalf and on behalf of:

> *All hourly-paid restaurant workers employed by Defendants in the Commonwealth of Pennsylvania at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

74.     Plaintiff brings this Rule 23 class action against Defendants to recover unpaid

overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs pursuant to the PMWA and WPCL.

75.     The members of the Rule 23 class are so numerous that joinder of all class members in this case would be impractical. Plaintiff reasonably estimates that there are a substantial number of class members in the Commonwealth of Pennsylvania. The Rule 23 class members should be easy to identify from Defendants' payroll and personnel records.

76.     There is a well-defined community of interest among the Rule 23 class members and common questions of law and fact predominate in this action over any questions affecting each individual class member.

77.     Plaintiff's claims are typical of those of the Rule 23 class members in that they and all other class members suffered damages as a direct and proximate result of Defendants' common and systemic payroll policies and practices. All of the class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation. Any lawsuit brought by an employee of Defendants would be identical to a suit brought by any other employee for the same violations and separate litigation would cause a risk of inconsistent results.

78.     Plaintiff was employed by Defendants in the same capacity as all of the class members. All class members were treated the same or similarly by management with respect to pay or lack thereof. This treatment included, but was not limited to, failure to pay overtime compensation. Thus, there are common questions of law and fact which are applicable to each and every one of the class members.

79.     Plaintiff will fully and adequately protect the interests of the class members and have retained counsel who are qualified and experienced in the prosecution of nationwide

wage and hour class actions. Plaintiff and his counsel do not have interests that are contrary to, or conflicting with, the interests of the class members.

80. Defendants' corporate-wide policies and practices affected all class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each class member. Plaintiff's claim arises from the same legal theories as all other class members. Therefore, this case will be more manageable and efficient as a Rule 23 class action. Plaintiff and his counsel know of no unusual difficulties in this case.

81. Plaintiff and the Rule 23 class members demand a trial by jury.

## COUNT I
### Violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*
### [Failure to Pay Overtime Wages]

82. Plaintiff re-alleges and incorporates all previous paragraphs herein.

83. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

84. In several weeks, Plaintiff and other hourly-paid restaurant workers were required to perform work for over forty (40) hours a week.

85. Defendants failed to properly pay Plaintiff and other hourly-paid restaurant workers overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for all hours worked in excess of forty (40) per workweek.

86. Defendants' conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

11

87.    Because Defendants willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

88.    As a result of Defendants' uniform and common policies and practices described above, Plaintiff and the putative FLSA collective members were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

## COUNT II
### Violation of the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101 *et seq.*
### [Failure to Pay Overtime Wages]

89.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

90.    In several weeks, Plaintiff and other hourly-paid restaurant workers were required to perform work for over forty (40) hours a week.

91.    Defendants failed to properly pay Plaintiff and other hourly-paid restaurant workers overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for all hours worked in excess of forty (40) per workweek.

92.    Defendants' conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

93.    As a result of Defendants' uniform and common policies and practices described above, Plaintiff and the putative Rule 23 class members were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, pre- and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to PMWA.

## COUNT III
### Violation of the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq.*
### [Failure to Pay Overtime Wages]

94.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

95.     In several weeks, Plaintiff and other hourly-paid restaurant workers were required to perform work for over forty (40) hours a week.

96.     Defendants did not pay the hourly-paid restaurant workers overtime compensation for all hours worked in excess of forty (40) in a workweek.

97.     Plaintiff and other hourly-paid restaurant workers expected to be paid overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for *all* hours worked in excess of forty (40) in a workweek.

98.     An implied-in-fact contract existed between Defendants and the hourly-paid restaurant workers including Plaintiff that they were to be paid for overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for all hours worked in excess of forty (40) in a workweek.

99.     Defendants violated their statutory and contractual obligations by failing to pay Plaintiff and the putative Rule 23 class members overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for all hours worked in excess of forty (40) per week.

100.     Defendants' conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

101.     As a result of Defendants' uniform and common policies and practices described above, Plaintiff and the putative Rule 23 class members were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of

such total unpaid amounts, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to WPCL.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief against Defendants, and each of them, individually, jointly and severally:

(A)     A declaratory judgment that Defendants' wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(B)     A declaratory judgment that Defendants' wage practices alleged herein violate the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101 *et seq.* and attendant regulations, 34 Pa. Code § 231.1 *et seq.* as well as the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq.*;

(C)     An Order for injunctive relief ordering Defendants to comply with the FLSA, PMWA and WPCL and end all of the illegal wage practices alleged herein;

(D)     Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(E)     Certifying this action as a class action pursuant to Fed R. Civ. P. 23 with respect to the PMWA and WPCL claims set forth herein;

(F)     Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all FLSA collective and Rule 23 class members;

(G)     Authorizing Plaintiff's counsel to send notice(s) of this action to all FLSA collective and

14

Rule 23 class members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA collective members of their rights by law to join and participate in this lawsuit;

(H)    Designating the Lead Plaintiff as the representatives of the FLSA collective and Rule 23 class in this action;

(I)    Designating the undersigned counsel as counsel for the FLSA collective and Rule 23 Class in this action;

(J)    Judgment for damages for all unpaid overtime wages and liquidated damages to which Plaintiff and the FLSA collective members are lawfully entitled under the FLSA, 29 U.S.C. § 201 *et seq.,* and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(K)    Judgment for damages for all unpaid overtime wages, liquidated damages and pre- and post-judgment interest to which Plaintiff and the Rule 23 class members are lawfully entitled under the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101 *et seq.* and attendant regulations, 34 Pa. Code § 231.1 *et seq.* as well as the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq.*;

(L)    An incentive award for the Lead Plaintiff for serving as representative of the FLSA collective and Rule 23 class in this action;

(M)    Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by the FLSA, PMWA and WPCL;

(N)    Judgment for any and all civil penalties to which Plaintiff and the FLSA collective and Rule 23 class members may be entitled; and

(O)    Such other and further relief as to this Court may deem necessary, just and proper.

## JURY DEMAND

Plaintiff, individually and on behalf of all other FLSA collective and Rule 23 class members, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

Dated:   May 23, 2019

RESPECTFULLY SUBMITTED,

By:    _____
Jason T. Brown, PA Bar # 79369
**BROWN, LLC**
111 Town Square Place, Suite 400
Jersey City, New Jersey 07310
T: (877) 561-0000
F: (855) 582-5297
jtb@jtblawgroup.com

*Attorneys for Plaintiff*

# Exhibit A

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT STENGEL**, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**HOPS AT THE PADDOCK, INC.** and **SCOTT HOPPY**,<br><br>Defendants. | Civil Case No. |

## <u>CONSENT TO SUE</u>

I hereby consent to be a Plaintiff in the Fair Labor Standards Act case captioned above. I hereby consent to the bringing of any claims I may have under the Fair Labor Standards Act (for unpaid minimum wages, overtime, liquidated damages, attorney's fees, costs and other relief) and applicable state wage and hour law against the Defendant(s). I further consent to bringing these claims on a collective and/or class basis with other current/former employees of Defendant(s), to be represented by Brown, LLC, and to be bound by any settlement of this action or adjudication by the Court.

Signed: _____     Dated: ___05/21/2019___

Name: _____Robert Stengel_____

Address: _____

_____*Street*_____

*City, State, Zip Code*